**IN THE UNITED STATES COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE EINSTEIN ACADEMY CHARTER SCHOOL, f/k/a THE NATIONAL ORGANIZATION FOR CHILDREN, INC., d/b/a T.E.A.C.H.-THE EINSTEIN ACADEMY CHARTER SCHOOL, | : : : : : : | CIVIL ACTION NO. |
| Plaintiff, | : : | |
| v. | : : | |
| TUTORBOTS, INC., MIRIAM ROTHSCHILD a/k/a MIMI MANDEL and HOWARD MANDEL, | : : : : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF PLAINTIFF TO EXPEDITE DISCOVERY**

Plaintiff The Einstein Academy Charter School, f/k/a The National Organization for Children, d/b/a T.E.A.C.H.-The Einstein Academy Charter School ("Einstein") submits the following Memorandum of Law in Support of its Motion to Expedite Discovery.

**INTRODUCTION**

Einstein brought this action against defendants Tutorbots, Inc. ("Tutorbots"), Miriam Rothschild a/k/a Mimi Mandel ("Ms. Mandel") and Howard Mandel ("Mr. Mandel") to *inter alia*, enjoin and recover damages for defendants' infringement and dilution of Einstein's common-law trademarks, unfair trade practices, breach of contract and conversion.  Einstein has filed a motion for a preliminary injunction to enjoin defendants' ongoing infringement of Einstein's trademarks and improper use and retention of Einstein's trade secret material and other data, information and records, including confidential student records pertaining to Einstein students.  Defendants are currently using data, curriculum and other materials belonging to

Einstein to operate a number of on line or "cyber" schools.  Defendants are also using

confidential student records pertaining to Einstein students to market their cyber schools to the

parents of these students, in violation of federal law.

Einstein seeks to obtain certain limited, expedited discovery that will aid Einstein in

establishing its claims at the hearing on its motion for a preliminary injunction.  This discovery

will have limited, if any, disruptive effect upon defendants' legitimate activities and would

greatly assist the Court in ruling on Einstein's motion for a preliminary injunction.  For the

following reasons, the Court should grant Einstein's motion for expedited discovery.

## FACTS

Einstein hereby incorporates by reference as though fully set forth herein the facts set

forth in the Complaint.  Einstein respectfully refers the Court to these facts for the facts

underlying defendants' ongoing infringement and other improper and illegal conduct.  As set

forth in the Complaint, Einstein faces immediate and irreparable harm from defendants'

continuing conduct in this regard.

In order to determine the extent of defendants' wrongful conduct, to discover any

currently unknown wrongful conduct, and to enable Einstein to preserve and present evidence

and testimony establishing his entitlement to a preliminary injunction, it is necessary that certain

discovery be scheduled and completed immediately.  This discovery includes the depositions of

defendants, and possibly of third parties, and the production of certain categories of relevant

documents in defendants' possession, custody or control.

## ARGUMENT

Federal Rules of Civil Procedure 30(a)(2) and 34(b) expressly provide that courts may accelerate discovery.[1]  See also Fimab-Finanziaria Maglificio v. Kitchen, 548 F. Sup. 248, 250 (S.D. Fla. 1982) ("Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time.").

Courts deciding cases under Rules 30(a) and 34(b) have consistently found that acceleration of the discovery process is appropriate in preliminary injunction cases.  See, e.g., C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc., 57 F.R.D. 537, 538 (E.D. Pa. 1972) (complaint was served on defendants on August 3; early hearing on injunction request was scheduled; and plaintiff was permitted to depose sixteen witnesses on defendant's premises on August 3 and 4); Educational Comm'n for Graduates of Foreign Medical Schools v. Repik, No. Civ. A. 99-138, 1999 WL 317052 (E.D. Pa. May 17, 1999) (expedited discovery granted in trade secret misappropriation case involving licensing examinations of foreign medical school graduates when preliminary injunction was sought by plaintiff) (citing Ellsworth Assocs. v. United Sates, 917 F. Supp. 841, 844 (D.D.C 1996) (expedited discovery "is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings")).  See also

---

[1] Rule 30 provides, in pertinent part:

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(a)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties, . . .
>  (C) a party seeks to take a deposition before the time specified in Rule 26(d) . . ..

Fed.R.Civ.P. 30(a)(2).

> Similarly, Rule 34 provides as follows:
> The request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. Without leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d).

Fed.R.Civ.P. 34(b).

Energetics Systems Corp. v. Advanced Cerametrics, Inc., Civ. A. No. 95-7956, 1996 WL

130991, at *2 (E.D. Pa. March 15, 1996).  Expedited discovery has been ordered where it would

"better enable the court to judge the parties' interests and respective chances for success on the

merits" at a preliminary injunction hearing.  Edudata Corp. v. Scientific Computers, Inc., 599 F.

Supp. 1084, 1088 (D. Minn. 1984), aff'd in part, rev'd in part on other grounds, 746 F.2d 429 (8th

Cir. 1985).[2]

       In Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), the district court applied a four-part

test in determining whether allowance of expedited discovery was appropriate:

> [C]ourts should require the plaintiff to demonstrate (1) irreparable
> injury, (2) some probability of success on the merits, (3) some
> connection between the expedited discovery and the avoidance of the
> irreparable injury, and (4) some evidence that the injury that will
> result without expedited discovery looms greater than the injury that
> the defendant will suffer if the expedited relief is granted.

Einstein's present request satisfies the Notaro standard.

       Einstein's request satisfies the first two elements of the Notaro test for the reasons set

forth in Einstein's Motion for Preliminary Injunction and accompanying Memorandum of Law.

Einstein also satisfies the third requirement of the Notaro test.  Because the requested discovery

relates to, *inter alia*, the extent and nature of defendants' ongoing infringement, as well as

defendants' improper and illegal use and retention of Einstein's data and records,  expedited

discovery is necessary to assist in the avoidance of irreparable injury which the requested injunction

will arrest.

---

[2] Similarly, it is well-established that discovery should precede consideration of dispositive motions when the facts sought to be discovered are relevant to consideration of the particular motion at hand. Canavan v. Beneficial Finance Corp., 553 F.2d 860, 865 (3d Cir. 1977); Coastal States Gas v. Dept. of Energy, 84 F.R.D. 278, 282 (D. Del. 1979).  Compare Merrill Lynch Futures, Inc. v. Kelly, 585 F. Supp. 1245, 1259-60 (S.D.N.Y. 1984) (granting expedited discovery on ground that defendants may be taking steps to cover their fraud).

Further, in light of the risk of further infringement and improper and illegal use of Einstein's property and student records absent expedited discovery, and the minimal nature of the inconvenience that defendants will suffer if discovery is accelerated, the fourth prong of the test is also satisfied. Defendants are obviously very familiar with the facts of this case, and the requested documents, software and things are easily obtainable by defendants. Einstein's requests for depositions are equally reasonable. Einstein wishes to depose a designee of Tutorbots and the two individual defendants. These witnesses possess information regarding the extent and nature of defendants' infringement of Einstein's trademarks as well as defendants' improper use and retention of Einstein's property and student records.

Further, given defendants' propensity to attempt to conceal their infringement and to otherwise break the law, as demonstrated in the Complaint, Einstein needs the opportunity to conduct discovery prior to the proceedings to preserve evidence and testimony for the preliminary injunction hearing. Accordingly, the facts of this case satisfy all requirements set forth in the Notaro case, and the issuance of an order permitting expedited discovery is therefore warranted.

## CONCLUSION

For the foregoing reasons, Einstein requests that the Court grant its Motion To Expedite

Discovery.

Respectfully submitted,


_____
Howard D. Scher (Pa. No. 03673)
Francis X. Taney, Jr. (Pa. No. 76590)
BUCHANAN INGERSOLL, P.C.
Eleven Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA  19103
Telephone:  (215) 665-8700
Facsimile:   (215) 665-8760

May __, 2002                               Attorneys for plaintiff The Einstein
                                                   Academy Charter School

**IN THE UNITED STATES COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE EINSTEIN ACADEMY CHARTER SCHOOL, f/k/a THE NATIONAL ORGANIZATION FOR CHILDREN, INC., d/b/a T.E.A.C.H.-THE EINSTEIN ACADEMY CHARTER SCHOOL, | : : : : : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : : | |
| v. | : : : | |
| TUTORBOTS, INC., MIRIAM ROTHSCHILD a/k/a MIMI MANDEL and HOWARD MANDEL, | : : : : | |
| Defendants. | : | |

**MOTION OF PLAINTIFF
TO EXPEDITE DISCOVERY**

Plaintiff The Einstein Academy Charter School, f/k/a The National Organization for Children, d/b/a T.E.A.C.H.-The Einstein Academy Charter School ("Einstein") hereby moves this Court, pursuant to Federal Rules of Civil Procedure 30(a) and 34(b), for an Order expediting discovery.

1.      Einstein has brought this action to, *inter alia*, enjoin and recover damages for defendants' infringement and dilution of Einstein's common-law trademarks, unfair trade practices, breach of contract and conversion.  Einstein hereby incorporates the allegations of the Complaint by reference as though fully set forth herein, and respectfully refers the Court to these allegations for the facts surrounding defendants' ongoing infringement and other improper and illegal conduct.

2.      In connection with the Complaint Einstein seeks a number of remedies including money damages and preliminary and permanent injunctive relief.  Einstein has filed a motion for the entry of a preliminary injunction enjoining Tutorbots' improper and illegal conduct.

3.      The imminence and severity of irreparable harm to Einstein due to defendants' improper and illegal use and retention of Einstein's property and confidential student records, and the interests of justice, require that the time periods of depositions and document production be shortened and expedited by the Court.

4.      Further, given defendants' propensity to attempt to conceal their improper and illegal conduct and to otherwise break the law, as demonstrated in the Complaint, Einstein needs the opportunity to conduct discovery prior to the proceedings to preserve evidence and testimony for the preliminary injunction hearing.

WHEREFORE, Einstein respectfully requests, pursuant to Federal Rules of Civil Procedure 30(a) and 34(b), that:

(1)     The Court order defendants to produce the documents set forth and defined in Exhibit A hereto on or before May 20, 2002, at the offices of Buchanan Ingersoll Professional Corporation, Eleven Penn Center, 14th Floor, 1835 Market Street, Philadelphia, Pennsylvania 19103;

(2)     The Court order defendants to present themselves for deposition before a licensed court reporter at the offices of Buchanan Ingersoll Professional Corporation, Eleven Penn Center, 14th Floor, 1835 Market Street, Philadelphia, Pennsylvania 19103, as follows:

| | |
|---|---|
| R. 30(b)(6) designee of Tutorbots, Inc. | May 22, 2002 at 10:00 a.m. |
| Howard Mandel | May 23, 2002 at 10:00 a.m. |
| Miriam Rothschild | May 24, 2002 at 10:00 a.m.; and |

      (3)     The Court allow Einstein and defendants to take additional depositions and to obtain documents from third parties prior to the preliminary injunction hearing, if they determine that such discovery is necessary.

                                      Respectfully submitted,

                                   _____

                                   Howard D. Scher (Pa. No. 03673)
                                   Francis X. Taney, Jr. (Pa. No. 76590)
                                   BUCHANAN INGERSOLL, P.C.
                                   Eleven Penn Center, 14th Floor
                                   1835 Market Street
                                   Philadelphia, PA  19103
                                   Telephone:  (215) 665-8700
                                   Facsimile:   (215) 665-8760

May __, 2002                            Attorneys for plaintiff The Einstein
                                   Academy Charter School

## CERTIFICATE OF SERVICE

I, Eliot G. Long hereby certify that on May _, 2002, I caused to be served a true and correct copy of the foregoing to be served via hand delivery on counsel for Tutorbots, Inc. as follows:

Phillip Matthew Stinson, Esquire
Stinson Law Associates, P.C.
University Technology Park
Suite 200
1450 Edgmont Avenue
Chester, PA 19013-3934


_____
Eliot G. Long

10

**IN THE UNITED STATES COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

THE EINSTEIN ACADEMY CHARTER  :     CIVIL ACTION NO.
SCHOOL, f/k/a THE NATIONAL      :
ORGANIZATION FOR CHILDREN,    :
INC., d/b/a T.E.A.C.H.-THE EINSTEIN  :
ACADEMY CHARTER SCHOOL,     :
                                         :
       Plaintiff,            :
                                         :
       v.                     :
                                         :
TUTORBOTS, INC., MIRIAM       :
ROTHSCHILD a/k/a MIMI MANDEL and :
HOWARD MANDEL,         :
                                         :
       Defendants.         :

**ORDER OF THE COURT EXPEDITING DISCOVERY**

AND NOW, on this ____ day of May, 2002, upon consideration of the Motion of plaintiff

The Einstein Academy Charter School, f/k/a The National Organization for Children, d/b/a

T.E.A.C.H.-The Einstein Academy Charter School ("Einstein") to Expedite Discovery, and any

response thereto, it is hereby **ORDERED, ADJUDGED** and **DECREED** that said Motion is

**GRANTED**, and:

     (1)     Defendants shall produce the documents set forth and defined in Exhibits A

hereto on or before May 20, 2002, at the offices of Buchanan Ingersoll Professional Corporation,

Eleven Penn Center, 14th Floor, 1835 Market Street, Philadelphia, Pennsylvania 19103;

     (2)     Defendants shall present themselves for deposition before a licensed court

reporter at the offices of Buchanan Ingersoll Professional Corporation, Eleven Penn Center, 14th

Floor, 1835 Market Street, Philadelphia, Pennsylvania 19103, as follows:

     R. 30(b)(6) designee of Tutorbots, Inc.     May 22, 2002 at 10:00 a.m.

Howard Mandel                                    May 23, 2002 at 10:00 a.m.

Miriam Rothschild                                May 24, 2002 at 10:00 a.m.; and

(3)     Einstein and defendants shall be entitled to take additional depositions and to

obtain documents from third parties prior to the preliminary injunction hearing, if they determine

that such discovery is necessary.

_____
                                                                        U.S.D.J.