**Michael I. Levin, Esquire**
**Attorney ID:  21232**
**Levin Legal Group, P.C.**
**1402 Masons Mill Business Park**
**1800 Byberry Road**
**Huntingdon Valley, PA  19006**
**(215) 938-6378**
**(Counsel for Intervenors)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE EINSTEIN ACADEMY CHARTER SCHOOL, : | |
|    Plaintiff : | |
| : | |
|   Vs. : | Civil Action No. 02-2880 |
| : | |
| TUTORBOTS, INC., et al., : | (Judge Berle M. Schiller) |
|    Defendants : | |
| : | |
|   And : | |
| : | |
| FAIRFIELD AREA SCHOOL DISTRICT, GETTYSBURG AREA SCHOOL DISTRICT, UPPER ADAMS SCHOOL DISTRICT, LITTLESTOWN AREA SCHOOL DISTRICT, BERMUDIAN SPRINGS SCHOOL DISTRICT, CENTENNIAL SCHOOL DISTRICT, BUTLER AREA SCHOOL DISTRICT, KARNS CITY AREA SCHOOL DISTRICT, MARS AREA SCHOOL DISTRICT, MONITEAU AREA SCHOOL DISTRICT, SENECA VALLEY SCHOOL DISTRICT, SLIPPERY ROCK AREA SCHOOL DISTRICT, SOUTH BUTLER COUNTY SCHOOL DISTRICT, PENN CAMBRIA SCHOOL DISTRICT, BLACKLICK VALLEY SCHOOL DISTRICT, GREATER JOHNSTOWN SCHOOL DISTRICT, CENTRAL CAMBRIA SCHOOL DISTRICT, : | |

| | |
|---|---|
| DOWNINGTOWN AREA SCHOOL DISTRICT, PHOENIXVILLE AREA SCHOOL DISTRICT, GREAT VALLEY SCHOOL DISTRICT, OCTORARA AREA SCHOOL DISTRICT, OXFORD AREA SCHOOL DISTRICT, COATESVILLE AREA SCHOOL DISTRICT, AVON GROVE SCHOOL DISTRICT, OWEN J. ROBERTS SCHOOL DISTRICT, BALD EAGLE AREA SCHOOL DISTRICT, PENNS VALLEY AREA SCHOOL DISTRICT, STATE COLLEGE AREA SCHOOL DISTRICT, BELLEFONTE AREA SCHOOL DISTRICT, CRAWFORD CENTRAL SCHOOL DISTRICT, PENNCREST SCHOOL DISTRICT, CARLISLE AREA SCHOOL DISTRICT, BIG SPRING SCHOOL DISTRICT, SOUTH MIDDLETON SCHOOL DISTRICT, MECHANICSBURG SCHOOL DISTRICT, EAST PENNSBORO SCHOOL DISTRICT, HARRISBURG SCHOOL DISTRICT, CENTRAL DAUPIN SCHOOL DISTRICT, HALIFAX SCHOOL DISTRICT, MILLERSBURG AREA SCHOOL DISTRICT, RIDLEY SCHOOL DISTRICT, ROSE TREE MEDIA SCHOOL DISTRICT, CHESTER-UPLAND SCHOOL DISTRICT, WILLIAM PENN SCHOOL DISTRICT, HAVERFORD TOWNSHIP SCHOOL DISTRICT, PENN-DELCO SCHOOL DISTRICT, SPRINGFIELD SCHOOL DISTRICT, WALLINGFORD-SWARTHMORE SCHOOL DISTRICT, SOUTHEAST DELCO SCHOOL DISTRICT, NORTHWESTERN AREA SCHOOL DISTRICT, CHAMBERSBURG AREA SCHOOL DISTRICT, WAYNESBORO AREA SCHOOL DISTRICT, GREENCASTLE-ANTRIM SCHOOL DISTRICT, TUSCARORA SCHOOL DISTRICT, | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : |

2

SHIPPENSBURG AREA SCHOOL DISTRICT, BLAIRSVILLE-SALTSBURG SCHOOL DISTRICT, INDIANA AREA SCHOOL DISTRICT, PENNS MANOR AREA SCHOOL DISTRICT, HOMER CENTER SCHOOL DISTRICT, BROOKVILLE AREA SCHOOL DISTRICT, PUNXSUTAWNEY AREA SCHOOL DISTRICT, CONESTOGA VALLEY SCHOOL DISTRICT, ELIZABETHTOWN AREA SCHOOL DISTRICT, EPHRATA AREA SCHOOL DISTRICT, DONEGAL AREA SCHOOL DISTRICT, HEMPFIELD AREA SCHOOL DISTRICT, LAMPETER-STRASBURG SCHOOL DISTRICT, MANHEIM CENTRAL SCHOOL DISTRICT,  MANHEIM TOWNSHIP SCHOOL DISTRICT, PENN MANOR SCHOOL DISTRICT, PEQUEA VALLEY SCHOOL DISTRICT, SOLANCO SCHOOL DISTRICT, WARWICK SCHOOL DISTRICT, CORNWALL-LEBANON SCHOOL DISTRICT, EASTERN LEBANON COUNTY SCHOOL DISTRICT, EAST STROUDSBURG AREA SCHOOL DISTRICT, PLEASANT VALLEY SCHOOL DISTRICT, POCONO MOUNTAIN AREA SCHOOL DISTRICT, STROUDSBURG AREA SCHOOL DISTRICT, ABINGTON SCHOOL DISTRICT, CHELTENHAM TOWNSHIP SCHOOL DISTRICT, HATBORO-HORSHAM SCHOOL DISTRICT, POTTSGROVE AREA SCHOOL DISTRICT, POTTSTOWN SCHOOL DISTRICT, SOUDERTON AREA SCHOOL DISTRICT, SPRING-FORD AREA SCHOOL DISTRICT, UPPER DUBLIN SCHOOL DISTRICT, UPPER MERION AREA SCHOOL DISTRICT, UPPER PERKIOMEN SCHOOL DISTRICT, WEST PERRY

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

| | |
|---|---|
| SCHOOL DISTRICT, NEWPORT SCHOOL DISTRICT, SCHOOL DISTRICT OF PHILADELPHIA, DELAWARE VALLEY SCHOOL DISTRICT, CRANBERRY AREA SCHOOL DISTRICT, FRANKLIN AREA SCHOOL DISTRICT, OIL CITY AREA SCHOOL DISTRICT, VALLEY GROVE SCHOOL DISTRICT, BELLE VERNON AREA SCHOOL DISTRICT, KISKI AREA SCHOOL DISTRICT, LIGONIER VALLEY SCHOOL DISTRICT, BURRELL SCHOOL DISTRICT, FRANKLIN REGIONAL SCHOOL DISTRICT, GREATER LATROBE SCHOOL DISTRICT, TUNKHANNOCK SCHOOL DISTRICT, YORK SUBURBAN SCHOOL DISTRICT, DOVER AREA SCHOOL DISTRICT, EASTERN YORK AREA SCHOOL DISTRICT, SOUTHERN YORK COUNTY SCHOOL DISTRICT, SOUTHEASTERN SCHOOL DISTRICT, WEST SHORE SCHOOL DISTRICT, SPRING GROVE SCHOOL DISTRICT, WEST YORK AREA SCHOOL DISTRICT, and RED LION SCHOOL DISTRICT,    Intervenors | : : : : : : : : : : : : : : : : : : |

**Memorandum of Law in Support of the Motion of One Hundred and Fourteen
<u>School Districts to Intervene</u>**

<u>**Introduction**</u>

The School Districts have moved this Court to intervene under Federal Rule of Civil Procedure 24 because, at bottom, both parties in the case at bar are fighting about money they took from the School Districts and which the School District already have

4

been seeking to get back.  All the money Einstein Academy Charter School ("Einstein") claims Tutorbots, Inc. ("Tutorbots") owes to Einstein is in fact money the Commonwealth's Department of Education withheld from the School Districts, amounting to millions of dollars, money to which the School Districts themselves are entitled.  Where the Complaint in paragraph 2 speaks of "profits that defendant Tutorbots, Inc. realized from its contract with Einstein," the same profits for which the complaint seeks an accounting of the imposition of a trust, the Complaint is speaking of profits made because the Department of Education gave money to "Einstein/Tutorbots" instead of to the School Districts.   What's worse, the money was taken from the School Districts and paid by the Pennsylvania Department of Education largely as a result of illegal conduct and fraudulent misrepresentations.

Based upon the illegal conduct and fraudulent misrepresentations, the School Districts currently are vigorously pursuing claims that this money should never have been diverted to Einstein/Tutorbots in the first place.  The School Districts claims against Einstein, the plaintiff in this action, and also against Miriam Rothschild and Howard Mandel, two of the defendants in this action, are pending in the Court of Common Pleas of Chester County.  Unless the School Districts are represented in this action, their interest in protecting those funds and the other property taken by Einstein/Tutorbots will be impeded.

The story of the relationship between the School Districts, on the one hand, and Einstein/Tutorbots, on the other, is complex, but can be summarized rather simply. Einstein and Tutorbots, which were one and the same until disagreements surfaced between various controlling persons of "Einstein/Tutorbots," acted in concert to take this

5

money from the School Districts.  Einstein, as a front for Tutorbots, obtained a charter by in essence buying it from the Morrisville Borough School District ("Morrisville") in exchange for the promise of substantial amounts of money that Einstein would pay to Morrisville.  This Charter purportedly was made pursuant to Pennsylvania's Charter School Law, 24 P.S. § 17-1700 *et seq.*  Despite having failed to obtain a regional charter in accordance with the Charter School Law, Einstein then began to "enroll" students from throughout the Commonwealth in its so-called "cyber charter school."  In essence, it purported to offer its enrolled students instruction over the internet, direct to the students' own homes.  Under the Charter School Law, the School Districts were then forced to divert some of the money they had budgeted to educate their resident students at their schools into Einstein's hands.  *See* 24 P.S. § 17-1725-A.  When they did not divert the money willingly, based upon serious concerns about Einstein, the Pennsylvania Department of Education withheld the money from the School Districts and gave it to Einstein/Tutorbots without addressing any of the School Districts' concerns.  It is this money from the School Districts that wound up in Tutorbots' coffers as the "profits" to which the Complaint in this action refer.

In addition to a return of money from Defendant Tutorbots, Plaintiff Einstein seeks the return of property from Tutorbots that Einstein claims belongs to it.  To the extent that any of that property is in the hands of the Tutorbots that belongs to the public school system of the Commonwealth, that property is the property of the Intervening School Districts whose funds were used to pay for it.

**Discussion**

Federal Rule of Civil Procedure 24(a) grants the right to intervene when the party seeking to intervene claims an interest in the property or transaction which is the subject of the action. The School Districts certainly have an interest in the property which is the subject of this action, inasmuch as that property includes the funds both plaintiff and defendants in this action received from the School Districts. Moreover, the transaction on which this lawsuit is based is the creation and management of an Internet-based school, and the School Districts have a significant interest in that transaction, as they were forced to fund it as a result of the illegal and fraudulent actions of Einstein/Tutorbots and the illegal withholding of funds by the Pennsylvania Department of Education.

The United States Court of Appeals for the Third Circuit has interpreted Rule 24 to require that the potential intervenor must establish four elements. The School Districts meet all four tests. The four elements are:

1) The application to intervene must be timely.

2) The applicants must have a sufficient interest in the litigation.

3) There is a threat that interest will be affected, as practical matter, by disposition of the action.

4) The applicant's interest is not adequately represented by anyone currently in the case.

*Kleisser v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998)(allowing, *inter alia,* school districts and municipalities to intervene in action seeking to enjoin logging in

the Allegheny National Forest because they were recipients of federal grant money generated through timber harvesting).

First, the School District's Motion to Intervene could not be more timely. The Complaint was just filed on May 14, 2002, only two weeks ago. The responsive pleading from defendants, obviously, has not been filed.

Second, the School Districts have an interest in property that this litigation will impact, and were very involved in the transaction out of which this lawsuit arose. In evaluating that interest, the Third Circuit has counseled this Court to be pragmatic and flexible. *Kleisser*, 157 F.3d at 970 (stating that Third Circuit's decisions "demonstrate our adherence to the elasticity that Rule 24 contemplates….") The *Kleisser* court explained that

> The central purpose of the 1966 amendment was to allow intervention by those who might be practically disadvantaged by the disposition of the action and to repudiate the view, [under the former rule], that intervention must be limited to those who would be legally bound as a matter of res judicata." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1908, at 301 (1986).

157 F.3d at 970. The pragmatic nature of the test for "interest" can be seen, for example, in *United States v. Alcan Alum. Inc.*, 25 F.3d 1174, 1183-86 (3d Cir. 1994), in which the Third Circuit found an adequate interest for intervention had been established where a right of contribution for expenses incurred in cleaning up a hazardous waste site could have been jeopardized by a proposed consent decree. Similarly, the Third Circuit allowed a union to intervene in a proposed consent decree between the government and an employer concerning the employer's minority hiring practices, because the decree could affect the terms of a collective bargaining agreement.

8

The Third Circuit specifically has decided that a third party with a claim on a specific fund of money has a right to intervene in a suit even it could not directly challenge the merits of another party's claims to that fund. In *Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d. 361 (3d Cir. 1995), a contractor had filed construction liens against a condominium association for work it had done to perform hurricane damage repairs. The lien was against a fund of insurance proceeds administered by the association. The intervenors were condominium owners who disputed certain aspects of how those proceeds were being spent. Their claim in the remainder of the insurance proceeds was sufficient to give them a right to intervene in the resolution of the dispute between their association and the contractor.

The School Districts here have more direct interest than did the intervenors in *Mountain Top.* The funds in dispute in the case at bar were taken from the School Districts in the first place and the School Districts have been vigorously asserting claims to get those funds back. Einstein and Tutorbots may be fighting now, but at one time Tutorbots was acting as Einstein's agent in getting the money from the School Districts about which the two parties to this case are now fighting.

The School Districts' direct interest in the funds about which the parties to this case are in dispute could easily be affected by the outcome of this suit, so they meet the third of the four criteria for intervention as well. This Court's resolution of this case will address how and where the money over which the parties are in dispute will be disbursed. Yet *all* that money came from the School Districts and the School Districts are seeking to recover it. Thus, when guided by "the polestar for evaluating a claim for intervention…," which is "whether the proposed intervenor's interest is direct or remote,"

9

*Kleisser*, 157 F.2d at 972, this Court should find that intervention is particularly appropriate in the case at bar.

Finally, and most significantly, there certainly is no one in the case before this Court who will represent the School District's interest. Both Plaintiff and Defendants Rothschild and Mandel are opposing the School District in the underlying Chester County litigation. Indeed, at one time both Plaintiff and the aforementioned individual Defendants were represented by the same attorneys from the Buchanan Ingersoll firm (the attorneys now representing one of their clients, Einstein, in a suit against their quite recent clients, Tutorbots and its principals, Rothschild and Mandel). Certainly, neither party has any interest in protecting the School Districts' claims that they be repaid the money wrongly taken from them.

The dispute before this Court cannot be viewed in isolation from the larger events and disputes of which it is a part. As detailed in Judge Spicer's findings in the Court of Common Pleas, Einstein and Tutorbots acted together to run this "cyber charter school." (See Exhibit 3 appended to the Motion to Intervene). (Irrespective of the still outstanding issues concerning, for example, the very constitutionality of the Charter School Law, Judge Spicer has made it clear that Einstein and Tutorbots acted illegally in ways to obtain money that was instead due to the School Districts. This action cannot be resolved without recognition of those larger interests, and without protecting them. Therefore, in the interests of justice and judicial efficiency, the School Districts respectfully request this Court to grant their Motion to Intervene in this matter.

**Conclusion**

In light of the foregoing, the moving School Districts respectfully request this Court to grant their Motion to Intervene.

LEVIN LEGAL GROUP, P.C.

_____
Michael I. Levin, Esquire
(Counsel for Intervening School Disricts)
1402 Masons Mill Business Park
1800 Byberry Road
Huntingdon Valley, PA 19006
(215) 938-6378