IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE EINSTEIN ACADEMY CHARTER SCHOOL, f/k/a THE NATIONAL ORGANIZATION FOR CHILDREN, INC., d/b/a T.E.A.C.H. - THE EINSTEIN ACADEMY CHARTER SCHOOL, | : : : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION No. 02 cv 2880 |
| TUTORBOTS, INC.; MIRIAM ROTHSCHILD, a/k/a MIMI MANDEL, and HOWARD MANDEL, | : : : : | |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of Plaintiff's Motion to Reinstate this Action Pursuant to Local Rule 41.1, and any response thereto, it is hereby ORDERED that the motion is GRANTED. The Court withdraws the direction contained in its Order of May 17, 2002 that the Clerk of Court close this case, and ORDERS that this case is reinstated.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE EINSTEIN ACADEMY CHARTER SCHOOL, f/k/a THE NATIONAL ORGANIZATION FOR CHILDREN, INC., d/b/a T.E.A.C.H. - THE EINSTEIN ACADEMY CHARTER SCHOOL, | : : : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION No. 02 cv 2880 |
| TUTORBOTS, INC.; MIRIAM ROTHSCHILD, a/k/a MIMI MANDEL, and HOWARD MANDEL, | : : : : | |
| Defendants. | : : | |

**PLAINTIFF'S MOTION TO REINSTATE THIS ACTION
PURSUANT TO LOCAL RULE 41.1**

Plaintiff The Einstein Academy Charter School ("Einstein") respectfully moves the Court to reinstate the above-captioned case pursuant to Rule 41.1 of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.

As set forth more fully in the accompanying memorandum of law, which Einstein incorporates herein by reference and to which Einstein respectfully refers the Court, the basis for this motion is that the parties' Consent Order resolved only Einstein's motion for a preliminary injunction, but did not resolve, or even address, the numerous and substantial claims for monetary relief and the substantive claims unrelated to the preliminary injunction motion that Einstein had asserted in its complaint. Thus, Einstein respectfully submits that there is much to be done in this case, and that it should be allowed to proceed on the remaining claims asserted in its complaint.

WHEREFORE, Einstein respectfully requests that the Court enter an order in the form attached hereto modifying its order for dismissal to provide for the dismissal only of Einstein's motion for a preliminary injunction, and not for the dismissal of the entire case.

    Respectfully submitted,

_____
Howard D. Scher
Francis X. Taney
Pa. Nos. 03673 and 76590
Buchanan Ingersoll, P.C.
11 Penn Center
1835 Market Street, 14th Floor
Philadelphia, PA  19103

Counsel for Plaintiff
The Einstein Academy Charter School

Dated:  June \_\_\_, 2002

## **CERTIFICATE OF SERVICE**

     I, Eliot G. Long, hereby certify that, on this ___ day of June, 2002, I caused a true and correct copy of the foregoing document to be served upon the following by hand delivery:

     Philip Matthew Stinson, Sr., Esquire
     University Technology Park
     1450 Edgmont Avenue, Suite 200
     Chester, Pennsylvania  19013-3934

     Attorney for Defendants

                                               _____
                                               Eliot G. Long

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE EINSTEIN ACADEMY CHARTER SCHOOL, f/k/a THE NATIONAL ORGANIZATION FOR CHILDREN, INC., d/b/a T.E.A.C.H. – THE EINSTEIN ACADEMY CHARTER SCHOOL, | : : : : : : | |
| Plaintiff, | : : | |
| v. | : : : | CIVIL ACTION No. 02 cv 2880 |
| TUTORBOTS, INC.; MIRIAM ROTHSCHILD, a/k/a MIMI MANDEL, and HOWARD MANDEL, | : : : : : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
TO REINSTATE THIS ACTION PURSUANT TO LOCAL RULE 41.1**

**I.  INTRODUCTION**

On May 17, 2002, the Court order the closure of this case, apparently on the basis of the parties' Consent Order on Plaintiff's Motion for Preliminary Injunction (the "Consent Order"). By its terms, however, that consent order resolved only Count I of plaintiff's eleven-count complaint and plaintiff's motion for preliminary injunctive relief, and not plaintiff's other claims for monetary relief or plaintiff's substantive claims unrelated to the preliminary injunction motion. The Consent Order does not provide for the dismissal of the entire case and was never intended to do so. Accordingly, plaintiff respectfully moves the Court to reinstate this action pursuant to Local Rule 41.1(b).

**II.  FACTUAL BACKGROUND**

Plaintiff, The Einstein Academy Charter School ("Einstein"), commenced this action by filing an eleven-count complaint on May 14, 2002. A true and correct copy of the complaint

(without exhibits) is attached hereto as Exhibit "A." In its complaint, Einstein alleged that defendants had infringed and diluted Einstein's common-law trademarks, misappropriated Einstein's trade secrets and engaged in unfair trade practices. *See* Ex. A ¶¶ 31-46. As remedies for these acts, Einstein sought both equitable relief in the nature of a preliminary and permanent injunction to prevent defendants from using Einstein's marks and proprietary information in the future, *see id.* ¶¶ 25-29, 77(1), and legal relief in the form of monetary damages necessary to compensate Einstein for injuries it already had sustained as a result of defendants' use of Einstein's marks and proprietary information in the past, *see id.* ¶¶ 34, 39, 42, 46, 77(2)-(5). In addition to the claims arising out of defendants' use of Einstein's marks and proprietary information, Einstein also alleged that defendants breached a contract with Einstein by, among other things, failing to donate their profits under the contract to public education, as they were required to do, and asserted claims for breach of contract and unjust enrichment, together with requests for an accounting and the imposition of a trust. *See id.* ¶¶ 49, 61, 69, 71, 74.

  Simultaneously, and in connection with its request for injunctive relief, Einstein also filed a motion for expedited discovery and a motion for a preliminary injunction. A true and correct copy of the motion for a preliminary injunction (without exhibits) is attached hereto as Exhibit "B." The motion for a preliminary injunction sought to restrain defendants from using Einstein's marks and proprietary information in the future, but did not seek any relief for injuries that Einstein had already sustained as a result of such conduct, and did not seek *any* relief for defendants' failure to donate its profits to public education as required by the parties' contract. *See* Ex. B. The Court scheduled a hearing on Einstein's motion for a preliminary injunction for Friday, May 17, 2002.

In advance of the hearing, counsel for the parties engaged in discussions to resolve Einstein's claim for injunctive relief and obviated the need for a hearing on its motion for a preliminary injunction. At no time during these discussions did counsel discuss the prospect, much less agree, that any settlement reached would resolve Einstein's entire case. Instead, these discussions resulted, on the night before the preliminary injunction hearing, in a Consent Order on Plaintiff's Motion for Preliminary Injunction (the "Consent Order"), which the Court signed an approved on March 17, 2002. A true and correct copy of the approved Consent Order is attached hereto as Exhibit "C."

The Consent Order provides that "defendants . . . have . . . agreed to enter into this stipulation *to resolve Einstein's motion for a preliminary injunction*." Ex. C (emphasis added). The Consent Order also provides that Einstein "has filed this action seeking, *inter alia*, a preliminary injunction prohibiting defendants from copying or infringing upon Einstein's trademarks or retaining or making use of Einstein's records, data, course curriculum or scholastic records," and contains an agreement by defendants to refrain from doing so in the future. *Id.* The Consent Order does not contain any provisions regarding Einstein's claims for monetary damages necessary to compensate it for injuries it already had sustained as a result of defendants' past conduct. *See id.* Nor does the Consent Order contain any agreement by counsel to discontinue the case as a whole. *See id.* Instead, it provides that the parties "hereby stipulate and consent to the following terms regarding Einstein's *motion for a preliminary injunction*." *Id.* (emphasis added). Thus, in his letter to the Court dated May 17, 2002 enclosing a courtesy copy of the Consent Order, counsel for Einstein explained that "[t]he entry of the [Consent] Order will render moot *only* plaintiff's motion for a preliminary injunction." A true and correct copy of this letter is attached hereto as Exhibit "D" (emphasis added). Counsel for defendants never expressed to Einstein's counsel or, as far as

Einstein is aware, to the Court any different understanding of the effect of the Consent Order in response to this letter.

Because the parties entered into the Consent Order, the Court did not conduct the hearing on Einstein's motion for a preliminary injunction that it had scheduled for May 17, 2002. Instead, the Court entered an Order dated May 17, 2002 denying Einstein's motions for a preliminary injunction and expedited discovery as moot (the "Dismissal Order"). A true and correct copy of the Dismissal Order is attached hereto as Exhibit "E." The Dismissal Order also provided that "[t]he Clerk of Court is directed to close this case." Ex. E.

Upon learning of the Dismissal Order, Einstein's counsel sent a letter dated June 5, 2002 to the Court pointing out that the parties' Consent Order resolved only Einstein's motion for a preliminary injunction and requesting that the Court withdraw its direction that the entire case be closed. A true and correct copy of this letter is attached hereto as Exhibit "F."

In response to Einstein's letter, counsel for defendants wrote to the Court that it was his and his clients' "understanding" that the Consent Order would resolve "all of the matters complained of against them by the plaintiff in the Complaint." A true and correct copy of this letter is attached hereto as Exhibit "G." Notably, the letter does not state that counsel for the parties had ever discussed the settlement of Einstein's entire case or had reached an agreement that the Consent Order would have such an effect. In fact, they had not. Neither does defendants' counsel point to any language in the Consent Order, or any other document, supporting his unilateral and subjective "understanding." In fact, there is none.

Einstein now respectfully moves the Court to reinstate this action, for the reasons set forth below.

### III.  ARGUMENT

Local Rule 41.1 provides that an order dismissing an action pursuant to a settlement "may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal." E.D. Pa. R. Civ. P. 41.1(b). Such a motion should be granted if a party can show "good cause" why the order of dismissal should be vacated or modified. *See Jeandron v. Applebaum*, No. 97-1358, 1998 WL 54438, at *1 (E.D. Pa. Jan. 28, 1998). In determining whether a party has shown good cause for the vacation or modification of an order of dismissal, the Court is guided by the grounds set forth in Rule 60(b) of the Federal Rules of Civil Procedure. *See International Longshoremen's Ass'n, Local Union 1332 v. International Longshoremen's Ass'n*, 940 F. Supp. 779, 780 n.2 (E.D. Pa. 1996).

Good cause for modifying the Court's Dismissal Order clearly exists here. The parties' Consent Order, as its title and terms make apparent, resolved only Einstein's motion for a preliminary injunction, and not Einstein's complaint as a whole. The Consent Order is entitled "Consent Order *on Plaintiff's Motion for Preliminary Injunction*," *see* Ex. C (emphasis added), and provides that "defendants . . . have . . . agreed to enter into this stipulation to resolve Einstein's *motion for a preliminary injunction*," *id.* (emphasis added). That motion for a preliminary injunction sought injunctive relief only against defendants' prospective use of Einstein's marks and proprietary information, not for the monetary damages that Einstein already had sustained or for defendants' breach of contract and unjust enrichment. *See* Ex. B.

Thus, the Consent Order does not even purport to address these other claims. Rather, the Consent Order only requires defendants to refrain from using Einstein's marks and proprietary information in the future. It does not address the substantial monetary damages that Einstein has already suffered as a result of defendants' conduct, and for which it seeks compensation in its

complaint. Nor does it address Einstein's claims for breach of contract, conversion, unjust enrichment or for an accounting and the imposition of a constructive trust. Perhaps most importantly, the Consent Order does not contain *any* provision for the dismissal of Einstein's entire case. Instead, it provides only that the parties "hereby stipulate and consent to the following terms regarding Einstein's *motion for a preliminary injunction*." Ex. C (emphasis added). Thus, by its terms, the Consent Order does not resolve all of Einstein's claims against defendants and did not provide a basis for the dismissal of Einstein's entire complaint.[1]

Well-established principles support the reopening of the case under these circumstances. For example, a showing that a settlement agreement was procured by fraud or was invalid because the offer was withdrawn before it was accepted constitutes good cause to reopen a case after an order of dismissal. *See, e.g., International Longshoremen's Ass'n*, 940 F. Supp. at 783. Similarly, a showing that an attorney who entered into a settlement agreement was not authorized by his or her client to do so satisfies the good cause requirement. *Cf. Wyndmoor Learning Ctr. v. City of Wilmington*, 93-4217, 1996 WL 117471, at *7 (E.D. Pa. March 12, 1996) (declining to reopen case where court found that attorney had actual authority to enter into the settlement agreement). Thus, a settlement that is invalid or ineffective will result in the reopening of a case. Here, far greater cause to reopen the case exists because there was never a settlement agreement with respect to Einstein's monetary claims in the first place. This is not a case in which a party is seeking to reopen a case merely because it had a "change of heart" after entering into a settlement. *Cf. Capital Controls Co.*

---

[1] Defendants' counsel's purported "understanding" that the Consent Order would resolve the entire case, of course, does not change this result. The Consent Order is in writing and clearly expresses the parties' intent to resolve Einstein's *preliminary injunction motion*, not the entirety of its complaint. Opposing counsel's purported "understanding" that the Consent Order was really a global settlement agreement is not reflected in the Consent Order, was never discussed in the negotiations that led to the Consent Order, and is belied by the fact that opposing counsel never responded to Einstein's May 17, 2002 letter to the Court enclosing the Consent Order, in which counsel for Einstein wrote that "[t]he entry of the [Consent] Order will render moot only plaintiff's motion for a preliminary injunction." Ex. D.

*v. The Aetna Cas. & Surety Co.*, No. 88-7175, 1989 WL 167396, at *2 (E.D. Pa. Aug. 2, 1989). Instead, as the Consent Order clearly and unambiguously provides, the Consent Order resolved Einstein's motion for a preliminary injunction, thereby obviating the need for a hearing on that motion, not Einstein's complaint as a whole.

These circumstances place this case squarely within two of the categories set forth in Federal Rule 60(b). First, Rule 60(b)(1) authorizes the Court to relieve a party from an order on the basis of mistake or inadvertence. *See* Fed. R. Civ. P. 60(b)(1). "The Advisory Committee Note to the 1946 amendment to Rule 60(b) explains that Rule 60(b)(1) permits relief based on the mistake or inadvertence of others, including the [C]ourt itself." *Mack Trucks, Inc. v. International Union, United Automobile, Aerospace and Agric. Implement Workers of Am., UAW*, 856 F.2d 579, 594 n.16 (3d Cir. 1988). Einstein respectfully submits that, because the Consent Order addressed only Einstein's motion for a preliminary injunction and not the other relief sought in its complaint, and did not provide for the dismissal of Einstein's entire complaint, the Court's dismissal of the entire case was a result of mistake or inadvertence. Thus, Einstein should be granted relief from that dismissal.

Second, Rule 60(b)(6) authorizes the Court to relieve a party from an order for "any other reason justifying relief. . . ." Fed. R. Civ. P. 60(b)(6). Relief should be granted pursuant to this provision "where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993). Here, as explained above, the fact that the parties entered into a Consent Order expressly disposing only of Einstein's motion for a preliminary injunction constitutes a compelling reason for affording Einstein relief from the Dismissal Order. Einstein's complaint seeks, in addition to injunctive relief, substantial monetary damages and alleges circumstances on which the Consent Order is silent. The Consent Order does *not* provide

for the dismissal of Einstein's entire complaint. Allowing the dismissal of the entire case to stand when the parties reached an agreement only with respect to Einstein's motion for a preliminary injunction would deprive Einstein of the opportunity to vindicate rights that it has duly asserted and that it has acted vigorously to defend. Such a result would be patently unjust. As one court explained in granting relief under Rule 60(b)(6):

> To refuse to reopen the case would deprive the plaintiff of a federal forum to try the original underlying action and/or force the plaintiff to begin anew and face the inevitable argument that a new suit against these defendants is precluded by this Court's initial dismissal of the case. In the view of this Court, such a result would be unjust.

*Trade Arbed, Inc. v. African Express MV*, 941 F. Supp. 68, 70 (E.D. La. 1996). The same considerations apply here, and require relief from the Court's Dismissal Order.

Accordingly, Einstein's motion to reinstate this case should be granted for this reason as well.

## IV.    CONCLUSION

The parties' Consent Order, by its terms, resolved only Einstein's motion for a preliminary injunction to prevent defendants from using its trademarks in the future. Einstein, however, already had suffered significant damages resulting from actions taken by plaintiffs in the past, and asserted claims for those damages in its complaint. Einstein also had asserted multiple claims unrelated to the basis for its preliminary injunction motion. Even though the Consent Order addressed only Einstein's claims for prospective injunctive relief, the Court evidently used the Consent Order as a basis to

dismiss Einstein's entire action. For the reasons set forth above, Einstein respectfully submits that the Court should not have done so, and respectfully requests that its motion to reinstate this action be granted.

        Respectfully submitted,

        _____
        Howard D. Scher
        Francis X. Taney
        Pa. Nos. 03673 and 76590
        Buchanan Ingersoll, P.C.
        11 Penn Center
        1835 Market Street, 14th Floor
        Philadelphia, PA  19103

        Counsel for Plaintiff
        The Einstein Academy Charter School

Dated:  June ___, 2002

**CERTIFICATE OF SERVICE**

I, Eliot G. Long, hereby certify that, on this ___ day of June, 2002, I caused a true and correct copy of the foregoing document to be served upon the following by hand delivery:

> Philip Matthew Stinson, Sr., Esquire
> University Technology Park
> 1450 Edgmont Avenue, Suite 200
> Chester, Pennsylvania  19013-3934
>
> Attorney for Defendants

_____
Eliot G. Long